UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFERY FOWLER, an individual,<br><br>　　　　　　　　　　　　Plaintiff,<br>　v.<br>GEORGE ACOSTA, an individual, and QUALITY REFRIGERATION COMPANY, a California corporation,<br><br>　　　　　　　　　　　　Defendants.<br>_____<br>LIBERTY MUTUAL FIRE INSURANCE COMPANY,<br><br>　　　　　　　Plaintiff in Intervention,<br>　v.<br>GEORGE ACOSTA, an individual, QUALITY REFRIGERATION COMPANY, INC., a California corporation, and Does 1 to 25, inclusive,<br><br>　　　　　　　Defendants in Intervention. | CASE NO. 05 CV 1434 JM (BLM)<br><br>**ORDER DENYING PLAINTIFF JEFFERY FOWLER'S MOTION TO RETAX COSTS**<br><br><br>Doc. No. 180 |

## I. Background

On September 24, 2008, following a jury verdict, this court entered judgment in favor of Plaintiff Jeffery Fowler ("Plaintiff") in the amount of $227,060. (Doc. No. 170.) Plaintiff thereafter filed a Bill of Costs for $27,479.14. (Doc. No. 171.) Defendants George Acosta and Quality

1   Refrigeration Company ("Defendants") submitted an objection to Plaintiff's Bill of Costs, arguing the
2   amount claimed for expert fees paid for deposition testimony was not recoverable under the applicable
3   Civil Local Rules. (Doc. No. 177 at 2.) The Clerk of Court entered an order in which the expert fees
4   requested ($5,287.50) were reduced to $200.00. (Doc. No. 178.) Pending before this court is
5   Plaintiff's motion to retax costs to allow recovery of the full fee amount. (Doc. No. 180, "Motion".)
6   Defendants posted an opposition (Doc. No. 182) and Plaintiff submitted a reply (Doc. No. 183).
7   Pursuant to Civil Local Rule 7.1(d)(1), the court took the matter under submission on December 5,
8   2008. As discussed below, the court denies Plaintiff's motion to retax costs.
9   //

10  **II. Discussion**

11  Plaintiff argues he is entitled to full recovery of fees paid to depose Defendants' expert
12  witnesses under Civil Local Rule ("CivLR") 54.1(b)(3)(f). Plaintiff looks to this court's prior
13  allowance of such a recovery in Eldorado Stone v. Renaissance Stone, Case No. 04-cv-2562-JM-CAB,
14  as rationale for the court to reach the same result here. Finally, Plaintiff alleges Defendants'
15  amendment to their bill of costs to include full expert deposition fees is a concession to his request.

16  **A. Interpretation of Applicable Local Civil Rules**

17  Plaintiff argues the Clerk erroneously relied on CivLR 54.1(b)(4)(d), rather than CivLR
18  54.1(b)(3)(f), in reducing the expert deposition fees. (Mot. 1-2.) CivLR 54.1(b)(3)(f) governs taxing
19  of costs for depositions, and states, "[f]ees for the witness at the taking of a deposition are taxable at
20  the same rate as for attendance at trial." Under CivLR 54.1(b)(4)(d), "[u]nless otherwise provided by
21  law, fees for expert witnesses are not taxable in a greater amount than that statutorily allowable for
22  ordinary witnesses." Plaintiff's theorizes that since CivLR 54.1(b)(4)(d) refers to a "statutorily
23  allowable" amount and CivLR 54.1(b)(3)(f) does not, expert fees for depositions are unlimited and
24  are recoverable at whatever "rate *they charge* for attending trial." (Mot. 3, emphasis added.) Despite
25  Plaintiff's alleged reliance on theories of statutory construction, he overlooks the deposition rule's
26  clear reference to CivLR 54.1(b)(4)(d) through its use of "same rate" language. CivLR 54.1(b)(3)(f)
27  is controlling here, as Plaintiff contends, but the rule's terms incorporate those of CivLR 54.1(b)(4)(d).
28  The Clerk of Court did not err in relying on CivLR 54.1(b)(4)(d) as that reliance was justified by

initial consultation of CivLR 54.1(b)(3)(f).

Plaintiff also omits consideration of the applicable federal rules and statutes which provide further interpretive context. Congress adopted the comprehensive 1853 Fee Act as a mechanism to protect losing litigants from "being unfairly unsaddled with exorbitant fees." Alyeska Pipeline Serv. Co. v. Wilderness Soc., 421 U.S. 240, 251 (1975). The Act, now embodied at 28 U.S.C. § 1920, "details the nature and amount of the taxable items of cost in the federal courts" and dictates "no other compensation shall be taxed and allowed." Id. at 251-52; Act of Feb. 26, 1853, 10 Stat. 161. Although § 1920 allows for recovery of "fees and disbursements for...witnesses," "compensation of court appointed experts," and "costs of making copies" of necessary deposition materials, it makes no mention of expert deposition fees. To allow litigants to recover expert fees for depositions would thwart Congress' attempts to limit costs imposed on losing parties. See Henkel v. Chicago, S.P., 284 U.S. 444 (1932) ("additional amounts paid as compensation, or fees, to expert witnesses cannot be allowed or taxed as costs in cases in federal courts"); Sea Coast Foods, Inc. v. Lu-Mar Lobster and Shrimp, Inc., 260 F.3d 1054 (9th Cir. 2001)(district court properly rejected costs not listed in the federal statute).

Witness fees are further governed by 28 U.S.C. § 1821, which restricts the costs for witnesses at trial without differentiating between lay persons and experts. Federal courts, in their discretion, may decline to tax costs at statutory levels but have no authority to exceed them. See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437 (1987) ("absent explicit statutory or contractual authorization for the taxation of the expenses of a litigant's witness as costs, federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and § 1920"). The express references by CivLR 54.1 to §§ 1821 and 1920 further demonstrate this court's intent to maintain consistency with the federal statutory scheme. CivLR 54.1(a), (b)(4)(a).

Under the federal statutes and local rules, fees for expert depositions are recoverable to the same extent as fees for expert attendance at trial, which here amounts to $40.00 for each of the five experts for a total of $200.00.

**B. Relevance of This Court's Prior Ruling in Eldorado Stone**

Plaintiff argues since the court allowed taxation of full expert deposition fees in Eldorado

Stone, the same result should follow here. (Mot. 4.) However, as Defendant notes, the ruling at issue stemmed from this court's adoption of a Report and Recommendation from the magistrate judge, to which the defendants filed no objections. (Doc. No. 180-2 at 2-3.) Given this posture, the outcome in Eldorado Stone is not controlling in this matter.

**C. Relevance of Defendants' Amendment to Their Bill of Costs**

After the present motion was filed, Defendants amended their Bill of Costs to seek recovery of full expert witness deposition costs. (Doc. No. 179.) Plaintiff asserts this reflects a concession by Defendants that full costs are recoverable. (Mot. 4-5.) The court disagrees and recognizes Defendants are taking a precautionary position pending the court's ruling on the present motion.

//

**III. Conclusion**

For the reasons stated above, the court hereby **DENIES** Plaintiff's motion to retax costs. (Doc. No. 180.)

**IT IS SO ORDERED.**

DATED: December 12, 2008

_____
Hon. Jeffrey T. Miller
United States District Judge